IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

LAWRENCE LEE ELMORE,

Plaintiff,

v.

JACKSON COUNTY, a political entity
of the State of Oregon; DACE COCHRAN,
in his individual capacity and his official
capacity as an employee of the Jackson
County Sheriff's Department,

Defendants.

Civ. No. 1:12-cv-01332-CL

REPORT & RECOMMENDATION

CLARKE, Magistrate Judge.

This matter comes before the court on plaintiff's Objections (#25) to the court's previous

Report & Recommendation (#22), which the court construes as a motion for reconsideration of

defendants' motion to dismiss (#13). The plaintiff's Objections (#25) also contain a request for

leave to file an amended complaint. For the reasons stated below, the defendants' motion should

be GRANTED, but plaintiff should be granted leave to file an amended complaint to include a

claim for malicious prosecution.

///

## BACKGROUND

On June 4th, 2007, Plaintiff Lawrence Lee Elmore ("Plaintiff") was driving a vehicle with a large crack running along the bottom of the windshield. Dkt. No. 2 at 6.[1] At the time, defendant Sergeant Dace Cochran ("Cochran") was a deputy with the Jackson County Sheriff's Department. Dkt. No. 3 at 4. Cochran observed Plaintiff driving the vehicle with the cracked windshield and pulled Plaintiff over. Id. During the stop, Cochran discovered that Plaintiff was driving with a suspended license. Id. Cochran issued Plaintiff a warning for driving with a cracked windshield in violation of ORS 815.220 and cited Plaintiff for driving with a suspended license. Dkt. No. 3 at 4.

Plaintiff entered a conditional plea of guilty to driving with a suspended license, but moved to suppress the evidence obtained as a result of the stop, contending that Cochran did not have probable cause to stop him for a traffic violation pursuant to ORS 815.220. Id. After the trial court denied the motion, Plaintiff appealed, and on March 16, 2011, the Oregon Court of Appeals reversed and remanded. Dkt. No. 3 at 2. The Court of Appeals held that a crack is not a "material" for purposes of ORS 815.220(2), which prohibits driving a vehicle when the windshield is obstructed by "any material that prohibits or impairs the ability to see into or out of the vehicle." Dkt. No. 3 at 4. Therefore, Cochran lacked probable cause to stop Plaintiff for a violation of ORS 815.220(2). Id.

Plaintiff now brings this claim under 42 U.S.C. § 1983, asserting that the stop, the search of his vehicle, the impounding of his vehicle and tools, and the house arrest Plaintiff served for driving with a suspended license were violations of his Fourth and Fourteenth Amendment rights because Cochran did not have probable cause to stop him for the windshield crack. Defendants move to dismiss all claims as time-barred by the applicable statute of limitations.

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system.

the complaint is liberally construed in favor of the plaintiff, and its allegations are taken as true.

Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir.1983). A motion to dismiss on statute of

limitations grounds may be granted "only if the assertions of the complaint, read with the

required liberality, would not permit the plaintiff to prove that the statute was tolled." Morales v.

City of Los Angeles, 214 F .3d 1151, 1153 (9th Cir.2000) (quotations and citation omitted).

In cases involving a plaintiff proceeding *pro se,* the court construes the pleadings

liberally and affords the plaintiff the benefits of any doubt. *See* Karim-Panahi v. Los Angeles

Police Dept., 839 F.2d 621, 623 (9th Cir. 1988); *see also* Ferdik v. Bonzelet, 963 F.2d 1258,

1260-61 (9th Cir. 1992). In addition, a *pro se* litigant is entitled to notice of the deficiencies in

the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured

by amendment. Karim-Panahi, 839 F.2d at 623-24. When amendment would be futile, dismissal

may be ordered with prejudice. Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n, 298

F.3d 768, 772 (9th Cir. 2002) (*citing* Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996)).

## DISCUSSION

While § 1983 provides a federal cause of action, the court looks to the law of the state in

which the cause of action arose for the length of the statute of limitations and, typically, courts

use the applicable state law period for personal injury torts. *See* Wilson v. Garcia, 471 U.S. 261,

275–76 (1985); *see also* Owens v. Okure, 488 U.S. 235, 240–41 (1989). The parties agree under

Oregon law, the relevant limitations period is two years. Or. Rev. Stat. § 12.110(1); *see also*

Sain v. City of Bend, 309 F.3d. 1134, 1139 (9th Cir. 2002). However, the question of when the

limitations period begins to accrue on a § 1983 claim has been expressly determined by the

Supreme Court to be governed by federal law and is not resolved by reference to state law. *See*

Sain v. City of Bend, 309 F.3d. 1134, 1139 (9th Cir. 2002). However, the question of when the limitations period begins to accrue on a § 1983 claim has been expressly determined by the Supreme Court to be governed by federal law and is not resolved by reference to state law. *See* Wallace v. Kato, 549 U.S. 384, 388 (2007). In such instances, the court must look to the "federal rules conforming in general to common-law tort principles." Id. (citations omitted).

The standard rule is that accrual occurs when a plaintiff has "a complete and present cause of action," which means "plaintiff can file suit and obtain relief." Id. (quotations and citations omitted). A Fourth Amendment violation generally accrues on the date of the illegal search and seizure. Lindsey, 2012 WL 1114151, *6 citing Venegas v. Wagner, 704 F.2d 1144, 1146 (9th Cir. 1983). "Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." Wallace, 549 U.S. at 389; see also Lindsey v. Myer, 2012 WL 1114151, *5 (D. Or. Apr. 2, 2012) (stating that a § 1983 claim based upon illegal conduct leading to an arrest accrues at the time of injury).

In this case, Plaintiff's claims that arise out of the stop – the initial stop, the search of the vehicle, the impounding of the vehicle and tools, and the arrest – accrued on the date of the stop, June 4, 2007. On that date, Plaintiff had a complete and present cause of action, and could have filed a claim for relief. Plaintiff's claim for false imprisonment accrued when he was released from house arrest, which presumably took place sometime in 2007 or 2008.[2] Even construing this as late as possible, Plaintiff would have had to file his action by the end of 2010 for his claims to be timely. He did not file until July 23, 2012. Therefore, Plaintiff's claims are time-barred and should be dismissed.

---

[2] Plaintiff's Complaint states only that he remained under house arrest for 30 days, but his briefs do not dispute defendants' claim that this confinement took place sometime in 2007 or 2008. Dkt. No. 17 at 3.

This would end the analysis but for Plaintiff's claim that the ruling in Heck v. Humphrey operates to delay the accrual of his claims until the date he obtained a favorable decision from the Oregon Court of Appeals reversing his conviction.  In Heck, the Court ruled that a § 1983 plaintiff must prove that his conviction or sentence has been overturned on direct appeal.  512 U.S. 477, 489 (1994).

However, the Court later clarified in Wallace that there is no federal tolling of constitutional torts while a plaintiff is subject to a criminal prosecution. 549 U.S. at 394–95.  The dissenting opinion made a compelling case for equitable tolling in such cases, but the Court did not adopt that view.  Id. at 400-05 (Breyer, J., dissenting).  Following the decision in Wallace, courts in the Ninth Circuit have found § 1983 claims time-barred despite the pendency of state criminal proceedings that related to the underlying alleged constitutional tort.  Lindsey, 2012 WL 1114151, *5 citing Kamar v. Krolczyk, 2008 WL 2880414, * 6–7, 11–12 (E.D.Cal. July 22, 2008) (claims based on unreasonable search and seizure time-barred); Olson v. Oreck, 2008 WL 149976, *6–7 (E.D.Cal. Jan.14, 2008) (same), affirmed by Harrell v. Oreck, 316 Fed. Appx. 653 (9th Cir. 2009); Cannon v. Polk Cnty. Dist. Atty., 2010 WL 4226467, *2–3 (D. Or. Oct. 20, 2010) (statute of limitations for negligent acts and omissions contributing to conviction began to run on date of acts and omissions and could not be tolled based on argument damage did not occur until date of jury's verdict).

Therefore, Plaintiff's claims, as alleged in his Complaint (#2) were not tolled due to the appeal of his conviction, and they accrued on the date of his injury; these claims are not timely, and should be dismissed with prejudice.

However, in his Objections (#25) to my original Report and Recommendation (#22), the plaintiff requests leave to file an amended complaint so that he may allege a claim for malicious

prosecution. A claim for malicious prosecution under § 1983 requires a showing that "defendants prosecuted [plaintiff] with malice and without probable cause, and that they did so for the purpose of denying [plaintiff] equal protection or another specific constitutional right." Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995). A claim for malicious prosecution requires that the prior criminal proceeding terminated in favor of the plaintiff, and, in fact, the claim cannot accrue until the criminal proceeding has terminated favorably to plaintiff. Heck, 512 U.S. at 484, 489; see also Wallace, 549 U.S. at 389-90 (explaining claim for "false arrest" is "entirely distinct" from claim of "malicious prosecution," the latter of which requires showing of "wrongful institution of judicial process"). Thus, the plaintiff's claim for malicious prosecution did not accrue until the Oregon Court of Appeals reversed and remanded his case on March 16, 2011.[3] Therefore, this claim is timely, and the plaintiff should be allowed to amend his complaint to allege it.

## RECOMMENDATION

For the reasons stated above, the defendants' Motion to Dismiss (#13) should be GRANTED, and plaintiff's time-barred claims should be dismissed, but plaintiff should be GRANTED leave to amend his complaint to include a claim for malicious prosecution.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

---

[3] The two year statute of limitations running from this date has not yet run, but even if it had, the plaintiff's claim for malicious prosecution arises out of the same conduct, transaction, or occurrence set out in his original complaint, and thus relates back to the date of the complaint under Federal Rule of Civil Procedure 15(c)(1)(B).

The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due by February 5, 2013. If objections are filed, any response to the objections is due by February 19, 2013. See FED. R. CIV. P. 72, 6.

DATED this 22 day of January, 2013.

_____

MARK D. CLARKE
United States Magistrate Judge