IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| LAWRENCE LEE ELMORE, | Civ. No. 1:12-cv-01332-CL |
| Plaintiff, | REPORT & RECOMMENDATION |
| v. | |
| JACKSON COUNTY, a political entity of the State of Oregon; DACE COCHRAN, in his individual capacity and his official capacity as an employee of the Jackson County Sheriff's Department, | |
| Defendants. | |

CLARKE, Magistrate Judge.

This matter comes before the court on defendants' Amended Motion to Dismiss for Failure to State a Claim [#37]. For the reasons below, the motion should be GRANTED.

## BACKGROUND

On June 4th, 2007, Plaintiff Lawrence Lee Elmore ("Plaintiff") was driving a vehicle with a large crack running along the bottom of the windshield. Dkt. No. 2 at 6.[1] At the time, defendant Sergeant Dace Cochran ("Cochran") was a deputy with the Jackson County Sheriff's

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system.

Page 1 – REPORT AND RECOMMENDATION

Department. Dkt. No. 3 at 4. Cochran observed Plaintiff driving the vehicle with the cracked windshield and pulled Plaintiff over. Id. During the stop, Cochran discovered that Plaintiff was driving with a suspended license. Id. Cochran issued Plaintiff a warning for driving with a cracked windshield in violation of ORS 815.220 and cited Plaintiff for driving with a suspended license. Dkt. No. 3 at 4.

Plaintiff entered a conditional plea of guilty to driving with a suspended license, but moved to suppress the evidence obtained as a result of the stop, contending that Cochran did not have probable cause to stop him for a traffic violation pursuant to ORS 815.220. Id. After the trial court denied the motion, Plaintiff appealed, and on March 16, 2011, the Oregon Court of Appeals reversed and remanded. Dkt. No. 3 at 2. The Court of Appeals held that a crack is not a "material" for purposes of ORS 815.220(2), which prohibits driving a vehicle when the windshield is obstructed by "any material that prohibits or impairs the ability to see into or out of the vehicle." Dkt. No. 3 at 4. Therefore, Cochran lacked probable cause to stop Plaintiff for a violation of ORS 815.220(2). Id.

Plaintiff initially brought his claim under 42 U.S.C. § 1983, asserting that the stop, the search of his vehicle, the impounding of his vehicle and tools, and the house arrest Plaintiff served for driving with a suspended license were violations of his Fourth and Fourteenth Amendment rights because Cochran did not have probable cause to stop him for the windshield crack. Defendants moved to dismiss all claims as time-barred by the applicable statute of limitations. The Court granted defendants' motion, but allowed Plaintiff to amend his complaint to include a claim for malicious prosecution, for which the statute of limitations had not yet run. Plaintiff filed his Amended Complaint (#34) on April 29, 2013. On June 6, 2013, defendants filed an Amended Motion to Dismiss for Failure to State a Claim (#37). Plaintiff later requested

an extension of time to file a response, which was granted. On August 22, 2013, Plaintiff filed a Motion to Deny Motion to Dismiss (#48), which the Court later construed as a response, as no other substantive response has been filed.

## STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief may be granted. In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Navarro v. Block, 250 F.3d 729, 732 (9th Cir.2001)). To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir.2010).

In cases involving a plaintiff proceeding pro se, the court construes the pleadings liberally and affords the plaintiff the benefits of any doubt. See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In addition, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623-24. When amendment would be futile, dismissal may be ordered with prejudice. Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n, 298 F.3d 768, 772 (9th Cir. 2002) (citing Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996)).

## DISCUSSION

Plaintiff's amended complaint asserts that he was maliciously prosecuted by the defendants in violation of his Fourteen Amendment rights because they pursued charges against him even though defendant Cochran did not have probable cause to stop his vehicle. Plaintiff claims that the time he served under house arrest was false imprisonment resulting from the unlawful stop. Plaintiff asserts that the Jackson County Sheriff's Office is also liable for these constitutional violations because it implemented a policy that allowed for the malicious prosecution, and it ratified and endorsed Cochran's actions. Defendants claim that they are entitled to qualified immunity.

To determine whether the doctrine of qualified immunity applies to individual defendants, the court must decide whether the plaintiff has shown that a constitutional or statutory right has been violated and whether the right at issue was "clearly established" at the time of the alleged violation. Saucier v. Katz, 533 U.S. 194, 201 (2001). The Supreme Court has held that lower courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson v. Callahan, 555 U.S. 223, 236 (2009). The key inquiry is whether the official had "fair warning" that the conduct was unconstitutional. Hope v. Pelzer, 536 U.S. 730, 739–40 (2002).

The Oregon Court of Appeals determined that a crack is not a "material" for purposes of ORS 815.220(2), and that therefore Cochran did not have probable cause to stop the plaintiff. Prior to this ruling, however, no Oregon court had considered the issue. It would not be unreasonable for a law enforcement officer to believe that a crack in a windshield was an obstruction falling within the definition of "material." Because Cochran could have reasonably

believed that probable cause existed, even though he was ultimately mistaken, he is entitled to qualified immunity. Therefore, the claims against defendant Cochran should be dismissed.

Even if defendant Cochran were not entitled to qualified immunity, the Plaintiff's Amended Complaint fails to state a claim for malicious prosecution, and therefore it should be dismissed. Courts look to state law when analyzing claims of malicious prosecution under 42 U.S.C. § 1983. Puccetti v. Spencer, 2009 WL 3672905 (D. Or. Oct. 28, 2009) aff'd, 476 F. App'x 658 (9th Cir. 2011). To prove malicious prosecution Oregon law requires: 1) the initiation or continuation of criminal proceedings; 2) by or at the insistence of the defendant; 3) ) terminating in plaintiff's favor; 4) instituted with malice; 5) a lack of probable cause for the proceedings; and 6) damages. Id. (citing Blandino v. Fischel, 179 Or.App. 185, 190–91, 39 P.3d 258, 261 (2002)). Plaintiff has not shown or even alleged any facts consistent with the contention that the defendants acted with malice in the criminal proceedings against the plaintiff, or that the proceedings occurred by or at the insistence of either defendant. As stated above, it was reasonable for Cochran to believe that he had probable cause to stop the plaintiff, and therefore it is unlikely that the plaintiff will be able to allege facts supporting a claim of malice.

Plaintiff also seems to allege claims against the defendant Jackson County on a theory of municipal liability, which requires that the plaintiff show that it was the execution of a government's official policy or custom that was the "moving force" behind a constitutional violation, such that the government as an entity is responsible under 1983. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). Although plaintiff has alleged that the County has "implemented a policy, custom, and usage," and "ratified and endorsed" Cochran's actions, he has not alleged sufficient factual matter to state a plausible claim for relief showing that he was maliciously prosecuted by Cochran, nor that an official County policy was

Page 5 – REPORT AND RECOMMENDATION

the "moving force" behind such malicious prosecution. Based on the record, it appears that leave to amend would be futile in this case, due to defendant Cochran's qualified immunity, as well as the lack of any factual matter supporting malice, which is necessary for a claim for malicious prosecution.

## RECOMMENDATION

For the reasons stated above, the defendants' Motion to Dismiss (#37) should be GRANTED.

***This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.*** Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due fourteen (14) days from the date of this opinion. If objections are filed, any response to the objections is due fourteen (14) days from the date of the objections. See FED. R. CIV. P. 72, 6.

DATED this ___ day of December, 2013.

MARK D. CLARKE
United States Magistrate Judge